IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERRILL LYNCH, PIERCE, | § | |
| FENNER & SMITH INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 3:06-CV-0575-P |
| | § | |
| GREYSTONE SERVICING | § | |
| CORPORATION, INC., and | § | |
| SOUTH SIDE PLAZA 455 LTD., LLP, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiff Merrill Lynch, Pierce, Fenner & Smith Inc.'s ("Merrill")

Motion for Leave to Conduct Discovery with Respect to Citizenship of Defendant South Side Plaza

455 Ltd., LLP ("South Side"), filed July 3, 2006.   Defendant South Side responded on July 14,

2006, and Plaintiff filed a Reply on July 19, 2005.  For the reasons stated below, the Court GRANTS

Plaintiff's Motion for Leave to Conduct Discovery with Respect to Citizenship of Defendant South

Side.

### I.  Background

Plaintiff Merrill filed the present action on March 30, 2006, to seek recovery of

approximately $12 million dollars it alleges it lost when Greystone Servicing Corporation Inc.

("Greystone"), with the assistance of South Side, prematurely terminated a mortgage-backed

security in which Merrill had an interest.  (Pl.'s Brief in Opposition to Motion to Dismiss at 2, 3.)

Merrill alleges breach of contract as well as claims sounding in tort and equity.  (*Id.* at 2.)

Defendants Greystone and South Side filed Motions to Dismiss, and Merrill filed an amended complaint on May 23, 2006 in response.  (*Id.*)  Merrill claims that this Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).  (*Id.* at 1.)  In the alternative, Merrill claims federal jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction).  (*Id.*)  Defendants now challenge Merrill's claim of federal jurisdiction under §1332.

On June 12, 2006, Greystone filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1) and a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6).  (*Id.* at 2.)  On the same day, South Side filed a combined motion and brief asserting lack of subject matter jurisdiction and Merrill's failure to state claims against it.  (*Id.*)

In response, Merrill has filed three separate briefs to these motions.  The Court must address the Motion to Dismiss for Lack of Subject Matter Jurisdiction first before it can determine the validity of the claims.  *See Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169,172 (5th Cir. 1994) (motion to dismiss pursuant to 12(b)(1) for lack of subject matter jurisdiction must be considered by court before any other challenge because the court must find jurisdiction before determining validity of claims.)  Additionally, Merrill has filed a Motion for Leave to Take Discovery with Respect to the Citizenship of South Side contemporaneous with its Response to the Motion to Dismiss under 12(b)(1).  (*Id.*)

Merrill's amended complaint alleges: (1) that Merrill is a corporation organized under Delaware law with a principal place of business in New York; (2) that Greystone is a Georgia corporation with a principal place of business in Virginia; (3) that South Side is a limited liability partnership created under Texas law; and (4) that South Side, based upon review of public records

and other information available to Merrill, has one general partner and one limited partner, neither

of which is a citizen of Delaware or New York.  Thus, Merrill claims that it has specifically alleged

the citizenship of the parties and established that complete diversity of citizenship exists.  South Side

disagrees and claims that one of its limited partners is a citizen of Delaware, destroying complete

diversity.  (Pl.'s Brief in Opposition to Motion to Dismiss at 16.)

Specifically, South Side claims Ilseloza Texas, Inc. ("Ilseloza"), a Delaware corporation, is

a limited partner of South Side Plaza, L.P., which is the general partner of South Side.  In support

of this claim, South Side submits a declaration and a printout from the website of the Delaware

Department of State, Division of Corporations, showing that Ilseloza is incorporated in Delaware.

In response to this evidence, Merrill states that the declaration is "deficient on its face and does not

rebut Merrill's *prima facie* allegations of diversity" because it is not based on personal knowledge.

 Merrill further argues that the printout simply shows that Ilseloza has a legal corporate existence

in Delaware but does not show whether Ilseloza is, in fact, a limited partner of South Side Plaza,

L.P.  (*Id.*)  Merrill further states that the partnership agreement for South Side Plaza, L.P. on file

with the Texas Secretary of State does not indicate "(1) *whether* Ilseloza Texas, Inc., is, or ever was,

a limited partner in South Side Plaza, L.P.; and (2) if so, *when it became* a limited partner of that

entity."  Furthermore, South Side has not submitted business records that could conclusively reveal

the true nature of the relationship between South Side Plaza, L.P. and Ilseloza.  Additionally, Merrill

questions Ilseloza's viability as a limited partner as it lost its certificate of authority to do business

in Texas in 1999.  (Pl.'s Brief in Opposition to Motion to Dismiss at 19, 21, 22.)

To force South Side to produce such records, Merrill requests that this Court defer ruling on the Defendants' 12(b)(1) motions and allow it to take discovery limited to the citizenship of South Side.  (*Id.*)  In opposition, the Defendants assert that Merrill has not adequately pled its own citizenship for purposes of establishing diversity jurisdiction. (Def.'s Resp. to Pl.'s Motion for Leave to Conduct Discovery ¶ 1.)  Defendants further argue that Merrill has waived its right to take discovery concerning South Side's citizenship because in its previous discovery it failed to explore citizenship, even though it had notice that it was in dispute.  (Def.'s Resp. to Pl.'s Motion for Leave to Conduct Discovery ¶ 6.)  Finally, Defendants argue that the claims of deficiency in the evidence are insufficient to warrant jurisdictional discovery.   (Def.'s Resp. to Pl.'s Motion for Leave to Conduct Discovery ¶¶ 8–18.)

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides that an action must be dismissed if it appears that the court does not possess subject matter jurisdiction over the plaintiff's claims. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994).  A district court may decide a Rule 12(b)(1) motion to dismiss "on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Hanson v. Sonic–Frank Parra Autoplex, L.P.,* No. 3:04-CV-0108-P, 2004 U.S. Dist. LEXIS 11856, at *1 (N.D. Tex. June 15, 2004) (citing *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it

appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States,* 281 F.3d 158,161 (5th Cir. 2001).

### A. *Diversity and Subject Matter Jurisdiction*

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *NL Indus., Inc. v. Onebeacon America Ins. Co.,* No. 3:05-CV-2264-L, 2006 U.S. Dist. LEXIS 37802, at *2 (N.D. Tex. June 8, 2006) (citing *Home Builders Ass'n, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998)). A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between or among the parties. *Id.* Merrill brings this action based on the diversity of citizenship between the parties. Diversity is proper only if each plaintiff has a different citizenship from each defendant. *NL Indus., Inc.,* U.S. Dist. LEXIS 37802, at *2 (citing *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1258 (5th Cir. 1988)). Section 1332 requires complete diversity of citizenship, and a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *NL Indus., Inc.,* U.S. Dist. LEXIS 37802, at *2 (citing *Corfield v. Dallas Glen Hills LP,* 355 F.3d 853, 857 (5th Cir. 2003)).

## III. Analysis

### 1. Has Merrill Properly Alleged its Citizenship?

"The basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *NL Indus., Inc.,* U.S. Dist. LEXIS 37802, at *2 (citing *Getty Oil Corp.* 841 F.2d at 1259). Failure to allege adequately the basis of

diversity "mandates remand or dismissal of the action." *NL Indus., Inc.,* U.S. Dist. LEXIS 37802, at *2  (citing *Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 805 (5th Cir. 1991)).

In the present case, Defendants Greystone and South Side allege that Merrill has failed to adequately plead its own citizenship by pleading that it has "*a* principal place of business in New York" as opposed to "*its* principal place of business in New York."  Defendants argue that this suggests that there could be another principal place of business in another city, which makes the pleading fail to be distinct and affirmative.  In support of this assertion, Defendants cite *S. Freedman and Co., Inc. v. Raab,* No. 05-1138, 2006 U.S. App. LEXIS 11611(3d Cir. May 10, 2006).  In that case, the court held that the plaintiff failed to adequately plead the existence of subject matter jurisdiction when it referred to the existence of "*a* principal place of business" as opposed to "*its* principal place of business." *Id.*  However, the case was only remanded because the plaintiff failed to amend the pleading after the court ordered it to do so. *Id.*  "28 U.S.C. § 1653 allows a district court to permit a party to amend its notice of removal in order to remedy a defective allegation of jurisdiction." *Alms, Ltd. L.L.P., v. Barnes,* No. 3:98-CV-1784-P, 1998 WL 907034, at *2 (N.D. Tex. Dec. 16, 1998) (citing *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.,* 608 F.2d 145, 146-47 (5th Cir. 1979)).  Thus, where diversity between the parties exists, the Court will not automatically and summarily remand the case to state court on a mere formality. *Id.*  If the Court finds the pleading of jurisdiction inadequate, the Court will give Merrill a chance to amend it.  However, in response to South Side's assertion, Merrill argues that some courts have accepted the meaning of *principal* as lending singularity to the word it modifies and thus do not require the use of "*its"* as opposed to *"a"* in the description of the principal place of business.  (Pl.'s Reply at 3)  These courts have found

that all corporations have only one principal place of business. *J.A. Olson Co. v Winona,* 818 F.2d 633, 638 (5th Cir. 1987) (noting that "every corporation has one and only one principal place of business"). But ultimately, Merrill amends its pleading in its Reply so that it now says that it has "*its* principal place of business in New York." (Pl.'s Reply at 4. n4.) Thus, the Court finds that Merrill has properly alleged its citizenship.

### 2. Does Complete Diversity Exist Between South Side and Merrill?

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assoc.,* 494 U.S. 185, 195 (1990). Thus, a limited partner may not solely be considered a citizen of the state under whose laws it was created. *Id.* Courts must look to the citizenship of all of the partners, both limited and general, as a partnership has the citizenship of each of its members. *Id.* Consequently, Defendants have raised an issue as to whether complete diversity exists between the parties in this case because South Side has alleged that a limited partner of its general partner is a citizen of Delaware, just as Merrill is a citizen of Delaware. Thus, complete diversity is potentially destroyed by the introduction of South Side's affidavit and proof of incorporation.

### 3. Does the South Side's Evidence Warrant the Court's Granting Merrill Leave for Jurisdictional Discovery?

The Fifth Circuit distinguishes between a "facial" and "factual" attack on a complaint under Rule 12(b)(1). *Hanson,* 2004 U.S. Dist. LEXIS 11856, at *1 (citing *Patterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981)). If a defendant files a Rule 12(b)(1) motion, the attack is presumptively facial and the Court need look only to the sufficiency of the allegations in the complaint, which are presumed to be true. *Id.* If, however, the defendant supports the motion with

affidavits, testimony, or other evidentiary materials, then the attack is factual and the burden shifts

to the plaintiff to prove subject matter jurisdiction by a preponderance of the evidence by also

submitting facts through some evidentiary method. *Id.* Regardless, a motion to dismiss for lack of

subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove

any set of facts in support of his or her claim that would entitle him or her to relief. *Hanson,* 2004

U.S. Dist. LEXIS 11856, at *1 (citing *Home Builders Ass'n of Miss., Inc.,* 143 F.3d at 1010).

"When subject matter jurisdiction is questioned, the court must . . . satisfy itself of its

authority to hear the case, and in so doing , it may resolve factual disputes. *Prakash v. American*

*University,* 727 F.2d 1174, 1179 (D.C. Cir. 1984). In such disputes, the Fifth Circuit has held that

district courts are "given the authority to resolve factual disputes, along with discretion to devise a

method for making a determination with regard to the jurisdictional issue." *Hanson,* U.S. Dist. 2004

LEXIS, at *2 (quoting *Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir. 1994)).

Courts may, then, "devise a procedure [for considering evidence beyond the pleadings] which may

include considering affidavits, allowing further discovery, hearing oral testimony, [or] conducting

an evidentiary hearing." *Id.* The Fifth Circuit has explained that when a party presents evidence

outside the pleadings to challenge jurisdiction, a court should offer the nonmoving party protection

by allowing it to present opposing evidence the Court can weigh to satisfy itself that it has

jurisdiction. *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir. 1981). Thus, if South Side's attack

on jurisdiction is factual because its evidence is outside the pleadings, Merrill needs the opportunity

to present evidence that contradicts that attack. Accordingly, this Court will then have the discretion

and leeway to devise a procedure by which Merrill can have such an opportunity, which includes giving it leave to take discovery.

First, South Side's affidavit states that Ilseloza "has continuously been a limited partner in South Side Plaza, L.P. from at least 1998." The affidavit also affirmatively states that the information is based on the personal knowledge of the affiant "and/or from an examination of the business records of South Side." (Pl.'s Brief in Opposition to Motion to Dismiss at 20.) Plaintiff argues that the equivocation in the affidavit makes it facially inadequate to rebut its prima facie pleading of diversity because affidavits must be based on personal knowledge. Merrill further argues that the affidavit contradicts an earlier affidavit by the same affiant, which initially asserted that Ilseloza was a limited partner of Defendant South Side, as opposed to South Side Plaza, L.P. Plaintiffs argue that both of these conditions raise fact questions as to whether the statement is valid as evidence of South Side's citizenship and warrant further investigation.

In addition to the affidavit, the Defendants submit a printout from a Delaware state website providing that Ilseloza has a "legal corporate existence in Delaware as of May, 12, 2006." (Pl.'s Brief in Opposition to Motion to Dismiss at 19.) Plaintiffs argue that this information does nothing to prove if and when Ilseloza became a limited partner of South Side Plaza, L.P., nor does the partnership agreement indicate this information. Finally, Merrill argues that South Side has failed to provide any business records to substantiate its claim. In short, it is Merrill's contention that the Court must grant it leave for discovery to adequately decide jurisdiction and to allow Merrill to carry its burden of proving diversity. The Court agrees.

In *Hanson,* this Court considered a copy of certification by the Secretary of State and a declaration attesting to a business' incorporation evidence that went beyond the pleadings. *Hanson,* U.S. Dist. 2004 LEXIS, at *2. Consequently, the affidavit and printout evidencing Ilseloza's incorporation are evidence outside of the pleadings in this case. As a result, they are a factual attack on the pleadings and trigger the Court's discretion to allow jurisdictional discovery. According to the law, Merrill, the moving party, should be allowed to prove diversity by presenting evidence. Without additional discovery, Merrill may not be able to do this. Thus, jurisdictional discovery is appropriate in this case.

South Side's argument that Merrill has waived its right to discovery fails because the inquiry for allowing jurisdictional discovery does not include a waiver element. It is specifically governed by the introduction of evidence outside the pleadings and the Court's discretion in determining its authority to hear the case. Further, the Court disagrees with Defendants in their citing *NL Industries, Inc. v. OneBeacon America Insurance* for the proposition that this Court should not allow discovery in this case because Merrill "can only suggest or speculate that the requested discovery can shed light on or resolve the issues pertaining to diversity of citizenship." 2006 U.S. Dist. LEXIS 37802 at *6. On the contrary, Merrill has offered specific facts that support the possibility that South Side has information that will conclusively determine its citizenship and effectively resolve the jurisdictional dispute. Therefore, the Court grants Plaintiff's motion.

## III.  Conclusion

Having thoroughly considered the Motions, the parties' briefing, and the applicable law, the Court hereby GRANTS Plaintiff's Motion for Leave to Conduct Discovery with Respect to Citizenship of Defendant South Side.

**It is so ordered.**

Signed this 31st day of July 2006.

_____

JORGE A. SOLIS

UNITED STATES DISTRICT JUDGE