IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INC. | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-06-CV-0575-P |
| GREYSTONE SERVICING CORPORATION, INC., ET AL. | § § § § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Plaintiff Merrill Lynch Pierce, Fenner & Smith Inc. has filed a motion to compel discovery in this diversity suit alleging claims for breach of contract, tortious interference, and negligent misrepresentation involving a residential and commercial real estate development project known as South Side on Lamar. At issue are seven interrogatories propounded to Defendant South Side Plaza 445, Ltd., LLP ("South Side"):

> Interrogatory No. 1:
> State the names and addresses of all Persons who have knowledge of any relevant facts relating to this litigation, and set forth the facts known to each such Person.
>
> Interrogatory No. 2:
> Identify all documents constituting or relating to communications you had with any investor in, or holder of, any security backed in whole or in part by a loan secured in whole or in part by the [South Side on Lamar project.]
>
> Interrogatory No. 3:
> Do you contend that a Mortgage Insurance Claim would have occurred had HUD not issued the Override Decision? If so, identify all documents supporting your contention that a Mortgage Insurance Claim would have occurred had HUD not issued the Override Decision.

> Interrogatory No. 4:
> Identify all proceeds or benefits of any type, including payments or other monies, received by you or any Person with which you are or were affiliated as a result of the Override Decision, any Agreement related to the [South Side on Lamar project], including any loan secured in whole or in part by the [South Side on Lamar project], or the sale of a security backed in whole or in part by a loan secured in whole or in part by the [South Side on Lamar project].
>
> Interrogatory No. 5:
> Identify all reasons why, in connection with any refinancing of any loan secured in whole or in part by the [South Side on Lamar project], you agreed to accept an interest rate that was above current market interest rates at the time of refinancing.
>
> Interrogatory No. 6:
> Identify the source(s) of funds used by you in or about September 2004 to pay off overdue payment on the existing loan secured by the [South Side on Lamar project] and to post the $2 million operating deficit reserve required by HUD.
>
> Interrogatory No. 8:
> Identify any documents, data or other information that relate to or reference the subject matter of this litigation, that have been deleted, physically destroyed, discarded, damaged, or overwritten, whether pursuant to a document retention policy or otherwise.

(*See* Plf. Mot. App. at 10-13).[1] South Side objected to three interrogatories on relevancy grounds, (Interrog. Nos. 2, 4, 8), four interrogatories as vague, ambiguous, or lacking specificity, (Interrog. Nos. 2, 3, 4, 8), four interrogatories to the extent they require a marshaling of evidence that may be used at trial, (Interrog. Nos. 1, 3, 5, 6), and all seven interrogatories as overly broad, harassing, and unduly burdensome, (Interrog. Nos. 1, 2, 3, 4, 5, 6, 8). As required by the court, the attorneys conferred by telephone prior to filing this motion in an attempt to resolve their discovery dispute.

---

[1] Plaintiff also asked South Side to identify all expert witnesses expected to testify at trial and to provide certain information regarding those experts. (Plf. Mot. App. at 13, Interrog. No. 7). Although South Side objected to that interrogatory, it went on to state that no experts have been designated at this time. Because parties are not required to designate their experts until July 17, 2008, or designate their rebuttal experts until August 18, 2008, (*see* Sch. Order, 11/16/07 at 1, ¶¶ 6-7), it is premature to address the sufficiency of South Side's answer to this interrogatory. Once the parties designate their experts, they must comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B), which covers most if not all of the information requested in Interrogatory No. 7.

After discussing the matter for just 15 minutes, South Side refused to supplement any of its interrogatory answers without a court order. Plaintiff advised South Side that it would be filing a motion to compel and asked counsel for a written submission of South Side's formal position to be included in a joint status report. In an email dated November 7, 2007, Andrew R. Korn, counsel for South Side, told opposing counsel:

> I will respond to your 10/31/07 joint proposal on Monday the 12th. I have a mediation and a hearing tomorrow, and another hearing on Friday, and I also have to respond to Merrill's motion to dismiss. If you are unwilling to wait until Monday, please include that we will file our portion on [November 12]. I would also like the additional time, because we intend to supplement at least one response, and I want to allow my client a few more days to confirm the information.

(Plf. Mot. App. at 17). When South Side failed to submit its portion of the joint status report or supplement its interrogatory answers by November 20, 2007--more than one week after Korn promised to provide this information to opposing counsel--plaintiff filed its motion to compel. The motion is accompanied by a Status Report, signed only by counsel for plaintiff, which states, "To date, Merrill has not received South Side's portion of this status report, nor has it received any supplemental responses to its first set of interrogatories." (Stat. Rep., 11/20/07 at 2, ¶ B). The court therefore considers the motion based solely on the argument and evidence presented by plaintiff.[2]

Fed. R. Civ. P. 26(b) allows a party to obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As the party seeking discovery, plaintiff must

---

[2] The Standing Order on Discovery Motions issued on May 10, 2007 makes clear that "[m]ost discovery motions will be determined on an expedited basis without a formal response based on the arguments and evidence presented in the joint status report." *See* Standing Order, 5/10/07 at 3, ¶ 5. As recently as last month, the attorneys were reminded of this requirement during an informal telephone conference with the magistrate judge.

establish this threshold burden. *See E.E.O.C. v. Renaissance III Organization*, No. 3-05-CV-1063-B, 2006 WL 832504 at *1 (N.D. Tex. Mar. 30, 2006) (Kaplan, J.), *citing Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 650 (N.D. Ill. 1994) ("To place the burden of proving that the evidence sought is not reasonably calculated to lead to the discovery of admissible evidence on the opponent of discovery is to ask that party to prove a negative. This is an unfair burden, as it would require a party to refute all possible alternative uses of the evidence, possibly including some never imagined by the proponent."). Once plaintiff establishes that its interrogatories are within the scope of permissible discovery, the burden shifts to South Side to show why discovery should not be permitted. *See Corrigan v. Methodist Hospital*, 158 F.R.D. 54, 56 (E.D. Pa.1994); *Amcast Industrial Corp. v. Detrex Corp.*, 138 F.R.D. 115, 118 (N.D. Ind. 1991). *But see Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.), *quoting McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (holding that party opposing discovery must "show specifically how . . . each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive.").

The court has little difficulty in concluding that the three interrogatories objected to on relevancy grounds are "reasonably calculated to lead to the discovery of admissible evidence." Documents relating to communications between South Side and investors or holders of securities backed by loans secured by the South Side on Lamar project, (Interrog. No. 2), proceeds or benefits received by South Side as a result of the decision by HUD to allow South Side to pay off the note before maturity, (Interrog. No. 4), and documents or data relating to the subject matter of this litigation that have been deleted, destroyed, discarded, damaged, or overwritten, (Interrog. No. 8), easily meet this threshold standard of relevancy. By contrast, South Side has offered no argument, much less evidence, that any of the interrogatories are vague and ambiguous, lack specificity, require

the marshaling of evidence, or are overly broad, harassing, and unduly burdensome. These types of boilerplate objections are meaningless and insufficient under the federal rules. *Hodgdon v. Northwestern Univ.*, 245 F.R.D. 337, 340 n.4 (N.D. Ill. 2007), *citing Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).

For these reasons, plaintiff's motion to compel [Doc. #67] is granted. South Side's objections to Interrogatory Nos. 1, 2, 3, 4, 5, 6 & 8 are overruled. South Side shall serve full and complete answers to these interrogatories by **December 10, 2007.** The interrogatory answers must comply with the requirements of Fed. R. Civ. P. 33(b)(1) & (2).

SO ORDERED.

DATED: November 26, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE