IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH, P.C., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:06-CV-0575-P |
| GREYSTONE SERVICING CORPORATION, INC. and SOUTH SIDE PLAZA 455 LTD., LLP, | § § § § § | |
| Defendants. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Now before the Court is Plaintiff Merrill Lynch, Pierce, Fenner & Smith Inc.'s ("Merrill" or "Plaintiff") Motion to Dismiss the counterclaim filed by South Side Plaza 455, Ltd., LLP ("South Side"), filed October 22, 2007. After careful consideration of the counterclaim and the Parties' briefing, the Court hereby GRANTS in part and DENIES in part Merrill's motion.

## **DISCUSSION**

On October 1, 2007, South Side filed a four-count counterclaim against Merrill alleging claims of (I) slander, (II) tortious interference with a contract, (III) tortious interference with a prospective contract, and (IV) attorney's fees. Merrill moved to dismiss the counterclaim under Rule 12(b)(6) because Counts I, II and III fail to meet the pleading requirements of Rule 8 and because the Texas Civil Practice and Remedies Code does not permit recovery of attorney's fees for South Side in this case.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can

1

be granted. A motion to dismiss for failure to state a claim is viewed with disfavor and should rarely be granted. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

Rule 12(e) provides that if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. *See* Fed. R. Civ. P. 12(e).

Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. *See Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e). *See id.* A complaint that contains a "bare bones" allegation that a wrong occurred but does not plead any of the facts giving rise to the injury, does not provide adequate notice. *See id.* A complaint may be subject to Rule 12(b)(6) dismissal if the allegations contained therein consist merely of labels and conclusions or a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, \_\_ U.S. \_\_\_\_, 127 S. Ct 1955, 1964-65 (2007).

**A.    Slander.**

Count I of South Side's Counterclaim states as follows:

> Plaintiff orally communicated statements to third parties referring to South Side that were both false and defamatory. Plaintiff asserted these statements as facts and did so without legal excuse. These statements were slanderous per se, in that they implied that South Side was unfit to engage in its occupation or profession and for the further reason that some of the statements charged South Side with the commission of a crime punishable by imprisonment. Statements were made to the media and individuals in the business community, including the false charge that South Side has defrauded HUD. Therefore, South Side seeks an award of general damages. Plaintiff's slander of South Side was committed with malice. Therefore, South Side seeks an award of exemplary damages against Plaintiff.

Rule 8 mandates that South Side's counterclaim give Merrill fair notice of the factual basis underlying its slander claim. "The rule . . . contemplate[s] [a] statement of [the] circumstances, occurrences, and events in support of the claim presented." Chas. A. Wright & A. Miller, 5 Federal Practice & Procedure § 1202 (3d ed. 2004). South Side avers in a single paragraph of its counterclaim that Merrill "orally communicated" to the "media and individuals in the business community" the "false and defamatory statement" that South Side "defrauded HUD." (Answer and Countercl. & 114.) There is no description of the context in which this statement(s) was made. Furthermore, the averment fails to provide any specificity as to what statement(s) was made by Merrill, how the statement(s) was made, when and to whom specifically the statement(s) was made, and how the statement(s) was false and defamatory.

In order for Merrill to reasonably frame a responsive pleading to this counterclaim, South Side must provide more than this conclusory allegation. Hence, the Court will permit South Side to amend its counterclaim to state more specifically its slander claim. *See Freeport-McMoran, Inc.*, 197 F.3d at 163 (approving the court's *sua sponte* allowance of an amendment under Rule 12(e) where the plaintiff originally failed to plead with sufficient clarity).

**B.      Tortious Interference with Contract**

Count II of South Side's counterclaim states as follows: "Plaintiff willfully and intentionally interfered with South Side's loan contract. This conduct was a proximate cause of actual damages, or loss occurred as a result." (Answer and Countercl. ¶ 115.)

This "formulaic recitation of the elements" of a tortious interference cause of action is insufficient to satisfy the pleading requirement of Rule 8. Hence, the Court will permit South Side to amend its counterclaim to state more specifically its claim of tortious interference.

**C.      Tortious Interference with a Prospective Contract.**

Count III of South Side's counterclaim states as follows: "A reasonable probability exists that South Side would have entered into a contractual relationship. However, Plaintiff acted maliciously by intentionally preventing the relationship from occurring with the purpose of harming South Side. Plaintiff lacked privilege or justification and South Side was harmed by the interference. Plaintiff's conduct was independently tortious or unlawful." (Answer and Countercl. ¶ 116.)

Again, this "formulaic recitation of the elements" of a claim for tortious interference with a prospective contract is insufficient to satisfy the pleading requirement of Rule 8. Hence, the Court will permit South Side to amend its counterclaim to state more specifically its claim of tortious interference with a prospective contract.

**D.      Attorney's Fees.**

In Count IV of South Side's counterclaim, South Side seeks recovery of its attorney's fees pursuant to Section 38.001(8) of the Texas Civil Practice and Remedies Code. South Side bases its claim for attorney's fees on the fact that Merrill alleges a breach of contract claim in its complaint.

However, Texas law does not provide for the recovery of attorney's fees by a defendant that seeks only to defend itself against a plaintiff's breach of contract claim. *See Ventana Invs v. 909 Corp.*, 879 F. Supp. 676, 678 (E.D. Tex. 1995). Therefore, Merrill's motion to dismiss Count IV of South Side's counterclaim is hereby GRANTED and South Side's claim for attorney's fees is hereby DISMISSED.

In its briefing, South Side seeks leave to amend its counterclaim to add a declaratory judgment cause of action "regarding [Merrill's] contract claims." (Resp. at 6.) Relying on this Court's decision in *Radiant Systems, Inc. v. American Scheduling, Inc.*, South Side seeks to add this declaratory judgment claim with the hope that this Court will then allow it to recover its attorney's fees. However, unlike the defendant in the *Radiant* case, a declaratory judgment claim will not cause South Side to become the party that was "wronged as a result of a breach of contract" or "the true plaintiff." *See Radiant Sys., Inc. v. Am. Scheduling, Inc.,* 3:04-CV-2497-P, 2006 WL 583266, *4 (N.D. Tex. Sept. 7, 2006) (citing *Schlobohm v. Pepperidge Farm, Inc.,* 806 F.2d 578, 583 (5th Cir. 1986)). Because South Side has not provided any other basis for asserting this declaratory judgment claim, the Court hereby DENIES its request to amend due to its futility.

Therefore, for the reasons stated herein, the Court hereby DENIES Merrill's Motion to Dismiss with respect to Counts I, II, and III and hereby gives South Side ten (10) days from the date of this Order to amend its counterclaim in compliance with Rule 8. The Court hereby GRANTS Merrill's Motion to Dismiss Count IV of South Side's counterclaim and DENIES South Side's motion for leave to amend.

It is SO ORDERED, this 10th day of December 2007.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE